CITY NAT. BANK of LAWTON v. FAIN.

No. 15299—Opinion Filed June 9, 1925.

1. Mortgages—Absolute Deed as Mortgage —Agreement Through Agent to Consider as Deed—Inadmissibility of Evidence.

Evidence of an oral agreement, made by an agent of the mortgagor, that an instrument, in form a deed but in fact a mortgage covering real property, should become absolute and divest the mortgagor of his right of redemption from the mortgage, is inadmissible to bind the mortgagor, in the absence of evidence that the mortgagor had clothed his agent with authority to make such oral agreement.

2. Same—Action on Secured Notes—Tender by Defendant and Demand for Restoration of Property—Adjustment of Rights Where Restoration Impossible— Evidence of Value of Property at Time of Tender.

Where promissory notes are given and payment secured by an instrument in form a deed but in fact a mortgage covering real estate, and action is brought upon the notes by the payee, and the maker of the notes answers admitting the execution of the notes, and sets up the execution of the deed as security for payment of the notes, and tenders payment and demands restoration of the mortgaged property, with allegations as to the value of the property, and by reply plaintiff admits acceptance of the mortgage security, but pleads a condition which renders restoration of the mortgaged premises impracticable or impossible, making it necessary to establish the value of the property to properly adjust the rights of the parties, the value of the property at the time of the tender of payment and demand for restoration is controlling; and evidence of value as of such time is admissible.

3. Same—Instruction on Value Proper.

And an instruction directing the jury to find the value of the mortgaged premises as to the time, the tender and demand for restoration is not erroneous.

4. Same—Judgment Sustained.

Record examined; and held to support the judgment; and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by the City National Bank of Lawton against John A. Fain. Judgment for defendant, and plaintiff appeals. Affirmed.

H. A. Smith, for plaintiff in error.

Stevens & Cline and E. L. Richardson, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff in the trial court, and the defendant in error was the defendant. The parties will be referred to herein as plaintiff and defendant, as they appeared below.

The plaintiff brought the action seeking to recover on a promissory note dated the 17th day of May, 1916, and due on the 30th day of September, 1916, for the principal sum of $850, with interest at 10 per cent. per annum and 10 per cent. of the total amount as attorney fees, executed by

defendant to the plaintiff. It is alleged that interest was paid to June 30, 1917, and that on the 17th of April, 1919, the defendant paid the sum of $112.60. Judgment is prayed in the sum of $946.99, with 10 per cent. per annum from the date the suit was filed, and $94.69 as attorney fees. Copy of the note is attached as an exhibit. The suit was commenced on December 15, 1919.

The defendant filed answer and cross-petition. The defendant admits the execution of the note, but denies that he had made the alleged payment. It is further alleged that the note is a renewal of a note executed to the plaintiff in April, 1906, for the sum of $500, and at the time and as security for the loan, he executed in favor of the president of the bank an instrument in form a deed, but in fact a mortgage, on certain real estate in the town of Frederick. He further alleges that he is and has been ready, willing, and able to pay his debt if the plaintiff will release and restore to him his property, but this the plaintiff has and still refuses to do; and in the answer tenders payment of the amount of the debt with interest and attorney fee, upon restoration of his property in Frederick to him, and alleges that the property is of the value of $3,500 and that the same has been withheld to his damage in the said sum. The prayer is for restoration of his Frederick property upon payment of his debt, or, in the event he cannot have restoration, that he have judgment for $3,500, the value of the property, less the amount owing to the plaintiff. A copy of the defendant's deed, alleged to be in fact a mortgage, is attached to the answer.

The plaintiff replied by denial, except that it is admitted that the note sued on is a renewal note as alleged, and that the deed was executed as alleged. The plaintiff alleges that the property described in the deed was subject to a building and loan mortgage, which was not disclosed, but was warranted against by the general warranty contained in the deed, and amounted to about $400, and that defendant was unable to pay either his debt to the plaintiff or to the loan company, and orally agreed that if Mr. English, president of the bank, would pay off the building and loan debt, the deed should become absolute, passing the title to Mr. English. That on or about the 24th day of November, 1915, English paid the loan company and took an assignment of the note and mortgage, and released the mortgage upon the records; and on the 27th of November, 1915, En-

glish sold the Frederick property to Lee Fraizer for part cash and part on time, and when final payment was made by Frazier in April, 1919, the credit of $112.60 was placed on the defendant's note; that defendant has known since in 1915 that English regarded the deed as an absolute conveyance to him, and that so regarding it had made a sale to Frazier; that defendant has paid no part of the debt; that the property has increased in value; and pleads an estoppel against the defendant's right to recover against the plaintiff, or further claim that the instrument in form a deed was and is in fact a mortgage, or to redeem the property by payment of the debts; that the property was only worth the sum of $500 expressed in the deed, at the time it was made, and was only worth $800 at the time he sold it to Frazier, and that was the price obtained. The prayer is that defendant take nothing on his counterclaim, and for judgment as in the petition prayed.

The cause was tried to a jury on the 1st of October, 1923, resulting in a verdict for defendant in the sum of $420.52, on which judgment was rendered in favor of defendant and against the plaintiff. The plaintiff prosecutes appeal and presents assignments of error under the following propositions:

(1) The court erred in excluding certain competent, relevant, and material testimony.

(2) The court erred in giving instruction number seven of the court's instructions.

(3) The plaintiff contends that the value of the Frederick property at the time it was sold to Lee Frazier should have been controlling, and not the value at some other or a later time.

In the first proposition it is contended that the court erred in excluding the testimony of F. M. English as to a conversation between himself and John M. Young, formerly business partner of John A. Fain, relative to the Frederick property. It is contended, in effect, that Young, for and on behalf of Fain, orally gave to, or relinquished in favor of, Mr. English, Fain's equity or right of redemption in the Frederick property, if English would pay off the building and loan mortgage, and because of such oral gift or relinquishment English took an assignment of the building and loan mortgage, and then released the mortgage. The trial court excluded the offered evidence, and the ruling of the court is urged as reversible error. We cannot agree that such ruling of the court

should reverse the judgment. It is, in effect, pleaded that the defendant agreed with Mr. English that the deed to the Frederick property should become absolute and pass the title to him. It is pleaded by defendant and admitted by plaintiff that while the deed was made to English, he was acting as trustee for the plaintiff. The offered evidence, if competent on any theory, would tend to show that an oral gift or relinquishment of right of redemption was made to English in his own right, and not to plaintiff bank, for which English held the deed, and that English afterwards acted upon that theory. The effect was to show an oral gift or relinquishment of right of redemption in the real estate by John M. Young to Mr. English. It seems that we need look no further for a good and sufficient reason for excluding the offered evidence than the fact that there is no evidence whatever that John M. Young was clothed with authority by the defendant to dispose of the rights of the defendant in the Frederick property, by gift or otherwise, to either the plaintiff or to Mr. English. The offered evidence was properly excluded.

The second and third propositions will be considered together. The contention made by the plaintiff is that in determining the value of the Frederick property, for the purpose of adjustment between the parties, such value should have been determined as of the date when Mr. English assumed to be the absolute owner of the property and sold it to Lee Frazier, that is, as of the date of the deed to Lee Frazier, made by F. M. English on the 27th of November, 1915; and that the proof of value should have been limited to that time. Just why the value should have been fixed as of that date is not apparent. It seems from the record that no good and sufficient reason existed why Mr. English should have ever assumed that the property belonged to him. The instrument made by Fain to English, while in form a deed, is admittedly a mortgage in favor of the plaintiff bank; and nothing appears from this record which ever changed its character. The mere fact that English should assume to be the owner of the Frederick property and deed it away on November 27, 1915, could not make that date controlling in fixing the value of the property as between the plaintiff and defendant. There seems to be no other reason why that date should be fixed for determining the value of the Frederick property. We think the plaintiff's position cannot be maintained. During all of the time the relationship of creditor and

debtor existed between the plaintiff bank and the defendant Fain, the relationship of mortgagee and mortgagor existed between them as to the Frederick property. And that relationship existed between them when plaintiff filed its suit. The plaintiff sued upon the renewal note of defendant. The defendant pleaded the real estate transaction as a mortgage security given to secure the payment of the original note out of which the note sued on grew as a renewal. In the answer the defendant tendered payment of his debt to the plaintiff, on condition that plaintiff release the mortgage and restore the property to him; and if a release of the mortgage and return of his property could not be had, he asked for judgment for the difference between his debt and the value of the property. The plaintiff sought to avoid the effect of the defendant's claim by admitting the deed was a mortgage; but alleged that the defendant had given his equity of redemption to Mr. English. We have seen that the defendant made no such gift or relinquishment of his rights. The time of tender by defendant, and demand for restoration of his rights in the Frederick property, was fixed by the time of filing the answer, which was September 14, 1920. It was around this point of time that the evidence of the value of the Frederick property revolved. It was necessary to fix the value of the property so that the proper adjustment of the rights of the parties might be had, since by its pleading the plaintiff alleged, in effect, that it had permitted its trustee, Mr. English, to so deal with the property that it could not be restored to the owner of the right of redemption when he presented his claim of right of redemption in his answer. What the value of the property was when English sold to Frazier, and the value of the property at the time of the trial, was immaterial, and the court correctly so held. The matter of value of the property was to be determined as of the date when the defendant tendered payment and asked for restoration of his property. In instruction number seven of the court's instructions the trial court properly instructed the jury in regard to the matter. The effect of the instruction is to tell the jury that it should find from the evidence the value of the Frederick property as of the time when the defendant tendered payment and demanded restoration of his property; and it seems that this was clearly understood to be as of the time the defendant filed his answer. The instruction further told the jury that they should find for the defend-

ant, if the property was of a value equal to or greater than the mortgage debt; and in determining the matter of the mortgage debt the jury should take into consideration both the amount of the note sued on, and the amount of the building and loan debt of defendant; and if the property was of greater value than the amount of both debts, the jury should fix the difference in the defendant's favor; but if the value of the property was less than the aggregate of both obligations, the difference should be returned in the plaintiff's favor. The instruction placed the burden upon the defendant of showing that the value of the Frederick property was equal to or greater than the aggregate of the defendant's obligations, with accrued interest. The instruction is a substantially correct statement of the law applicable to the issues presented by the pleadings and evidence, and is quite as favorable to the plaintiff as it was entitled to. No error is presented under the second and third propositions.

We conclude that the plaintiff had a fair trial, and the verdict returned for defendant, on which judgment was rendered, is clearly supported by the record.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 834; 27 Cyc. p. 1019; anno. L. R. A. 1916B, 18 et seq.; 18 R. C. L. pp. 261-266; 3 R. C. L. Supp. p. 927; 4 R. C. L. Supp. 1263.   (2) 27 Cyc. p. 1033.   (3) 27 Cyc. p. 1033.   (4) 4 C. J. p. 1129.